CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 03 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JEFFREY W. MONEYMAKER, | ) | CASE NO. 3:06CV00007 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 1, 2004 claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, GRANTING the plaintiff's motion for summary judgment, entering judgment for the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff was forty-two years of age, had a seventh grade education, had worked as a laborer, roofer and cook, had not engaged in substantial gainful activity since his alleged onset of disability date, February 26, 2004, and was insured for disability benefits through the date of the decision. (R. 20, 26.) The Law Judge also

found that the plaintiff has hemangioma of the liver, slightly decreased strength in the lower extremities, and slightly decreased range of motion in the non-dominant right upper extremity, which are severe impairments, though not severe enough to meet or equal any listed impairment. (R. 22, 26.) He also concluded that the evidence of record did not establish a severe mental impairment. (R. 22.) The Law Judge found that plaintiff's alleged severity of symptoms and limitations were not fully supported by the record, and that the plaintiff retained the residual functional capacity (RFC) to perform a significant range of work at the light and sedentary levels of exertion, but requires an alternate sit/stand option, cannot climb ropes and scaffolds, and can only occasionally climb stairs. (R. 23-24, 26-27.) The Law Judge concluded that plaintiff could not perform his past relevant work. (R. 24, 26.) By application of the Medical-Vocational Guidelines ("grids") and reference to evidence offered by a vocational expert (VE), the Law Judge concluded that plaintiff was not disabled. (R. 26, 27.)

Plaintiff appealed the Law Judge's decision to the Appeals Council. While on administrative appeal, plaintiff submitted additional psychological evidence. (R. 224-226.) The Appeals Council found no basis in the record or in the reasons the plaintiff advanced on appeal to review the Law Judge's decision. (R. 8-10.) Accordingly, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-1545 and 416.927-945; *Hays v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to

review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

While on administrative appeal, plaintiff submitted a psychological evaluation from David Leen, Ph.D., as additional evidence. (R. 224-226.) Plaintiff argues that this evaluation demonstrates that he meets the "B" or "C" criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.05 ("12.05"), which directs a finding of disabled. Defendant argues that plaintiff's evidence does not demonstrate or support the onset of mental retardation before age twenty-two as required by 12.05, that plaintiff was not rendered unemployable by the impairment, and that there has been no demonstrated deterioration of plaintiff's intellectual abilities since he stopped working. In order to meet the criteria of listing 12.05 the plaintiff must (1) fulfill the requirements in any one of 12.05(A)-(D); and (2) demonstrate or support the manifestation of the impairment before age twenty-two. Evidence that a claimant is unable to read or write is a "clear 'manifestation' of mental retardation before age twenty-two." *Turner v. Bowen*, 856 F.2d 695, 699 (4th Cir. 1988). If a claimant's impairment meets both a listing in Appendix 1 and the twelve-month duration requirement, the claimant will be found disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

The validity of plaintiff's intelligence test, which conforms to the Regulations' standard

3

of an acceptable test[1] and establishes plaintiff's full-scale IQ at 59[2], is not disputed. (R. 226.) That plaintiff is functionally illiterate was a finding of fact made by the Law Judge. (R. 26.) Therefore, since plaintiff's IQ score unquestionably meets the criteria of 12.05(B)[3], and his illiteracy manifests the existence of his mental retardation before age twenty-two[4], plaintiff meets the criteria of 12.05. Defendant's argument that plaintiff had previously worked and has demonstrated no deterioration in his intellectual abilities since he stopped working is misplaced; work experience is not a valid consideration at the third step of the sequential evaluation process. 20 C.F.R. §§ 404.1520(d) and 416.920(d); *Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir. 1987) ("[w]hen a claimant for benefits satisfies the disability listings, benefits are due notwithstanding any prior efforts of the claimant to work despite the handicap.").

Because plaintiff meets the criteria of § 12.05 of the Listings, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision, GRANTING the plaintiff's motion for summary judgment, entering judgment for the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

---

[1] The test given was a Wechsler series that tested both verbal and performance abilities.

[2] The intelligence test resulted in a verbal IQ score of 62, performance IQ score of 62, and full-scale IQ score of 59. 12.05(B) is met by a "valid verbal, performance, *or* full scale IQ of 59 or less" (emphasis added), and Appendix I § 12.00(D)(6) states that "where verbal, performance, and full scale IQs are provided in the Wechsler series, we use the lowest of these in conjunction with 12.05." Thus, 59 is the appropriate IQ score for this analysis.

[3] Alternatively, since plaintiff's verbal and performance IQ scores are within 60 and 70 and the Law Judge concluded that plaintiff could no longer perform his past relevant work, plaintiff also meets the requirements of 12.05(C). *See Rainey v. Heckler*, 770 F.2d 408, 411 (4th Cir. 1985) (that plaintiff could not perform his past work "alone establishes the existence of an additional and significant work-related limitation of function within the meaning of § 12.05 C.").

[4] Also satisfying the twelve-month duration requirement for an impairment.

4

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

Aug 3, 2006
Date