CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED Ch'ville
AUG 3 0 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JEFFREY W. MONEYMAKER,<br><br>*Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:06-CV-00007<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross-motions for summary judgment.

By standing order of the Court, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate filed his Report and Recommendation ("Report") on August 3, 2006, recommending that this Court enter an order reversing the Commissioner's decision denying benefits, granting the Plaintiff's motion for summary judgment, entering judgment for the Plaintiff, and recommitting the case to the Commissioner solely to calculate and pay proper benefits.

The Commissioner timely filed Objections to the Report on August 17, 2006, obligating the Court to undertake *de novo* review of those portions Report to which objection was made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

The Commissioner argues that evidence of test results showing that Plaintiff Jeffrey Moneymaker has a full-scale I.Q. of 59—which results were submitted as additional evidence while his claim was on administrative appeal from the ALJ's decision denying benefits—is not

sufficient to demonstrate that he is entitled to finding of disability under the "B" or "C" criteria of 20 C.F.R. Pt. 404, Subpt. P, App. 1 §12.05 ("Listing 12.05") because "the record is devoid of evidence establishing mental retardation before age 22." *Obj to R&R* at 2. The Commissioner further points to evidence that Moneymaker "worked successfully for many years . . . as a laborer, roofer, and cook" as precluding a finding that he satisfies Listing 12.05. *Id.* at 3.

Listing 12.05 provides:

> **12.05 Mental retardation: Mental retardation refers to significantly subaverage general** intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
> Or
> B. A valid verbal, performance, or full scale IQ of 59 or less;
> Or
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; . . . .

To meet the criteria of Listing 12.05, a claimant must (1) fulfill the requirements of any one of 12.05(A)-(D); and (2) demonstrate or support the manifestation of the impairment before age 22.[1] If a claimant's impairment satisfies both of these elements, and the twelve-month duration requirement, the claimant will be found disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), and 416.920(a)(4)(iii), (d).

The Commissioner's position is inconsistent with well-established Fourth Circuit decisional law. Citing applicable regulations that "expressly define mental retardation as denoting 'a lifelong condition,'" the Fourth Circuit held in *Branham v. Heckler*, 775 F.2d 1271,

---

[1] Judge Crigler found that Moneymaker satisfies the requirements of 12.05(B) and (C).

1274 (4th Cir. 1985) that in the absence of any record evidence of a change in a claimant's intellectual functioning, that claimant's IQ will be presumed to have remained constant.[2] *Branham* has been repeatedly affirmed, and in *Luckey v. United States Department of Health & Human Services*,[3] the Fourth Circuit further held that evidence that the claimant had worked was not evidence that his intellectual functioning had changed over time. In *Luckey*, the court also found the evidence that the claimant could barely read or write after completing five grades to be "'a clear manifestation of mental retardation occurring before age 22.'" *Id.* at 668-69 (citing *Turner v. Bowen*, 856 F.2d 695, 699 (4th Cir. 1988)).

The Commissioner has not challenged the validity of Moneymaker's I.Q. test. No record evidence shows a change in Moneymaker's intellectual functioning. Thus, under *Branham* and its progeny, it is presumed that his intellectual deficits have remained constant, and thus manifested before age 22. Although this presumption alone serves as evidence demonstrating the onset of his impairment before age 22, the ALJ's finding that Moneymaker is functionally illiterate provides further supporting evidence. (R. 26). Under *Luckey*, the mere fact that he has worked in the past does not qualify as evidence capable of rebutting the presumption that Moneymaker has a lifelong condition.

After a thorough examination of the Commissioner's objections, the applicable law, the documented record, and the Magistrate's Report, the Court overrules all objections. Accordingly, it is this day ORDERED that the Report and Recommendation of the United States Magistrate Judge filed August 3, 2006, shall be, and hereby is, ADOPTED, in its entirety. The

---

[2] The court also noted, "[W]e think that there may be many reasons why an individual would not have had the opportunity or need to have a formal intelligence quotient test until later in life. The fact that one was not earlier taken does not preclude a finding of earlier retardation." *Id.*

[3] 890 F.2d 666 (4th Cir. 1989).

Commissioner's decision denying benefits is REVERSED and her motion for summary judgment is DENIED. Plaintiff's motion for summary judgment is hereby GRANTED, and it is the judgment of this Court that Plaintiff is disabled and entitled to benefits under the "B" and "C" criteria of 20 C.F.R. Pt. 404, Subpt. P, App. 1 §12.05. It is further ORDERED that this case be RECOMMITTED to the Commissioner solely to calculate and pay proper benefits.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Opinion and Order to all counsel of record.

ENTER: *[signature]*
U.S. District Court Judge

DATE: August 30, 2006